# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Robert T. TOLSON
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24287

### Docket No.  1225

### 6 April 2006

Special Court-Martial convened by Commanding Officer, USCGC HAMILTON (WHEC 715).
Tried at Naval Station, San Diego, California, on 2 June 2004.

| | |
|---|---|
| Military Judge: | CDR Steven J. Andersen, USCG |
| Trial Counsel: | LT Michael R. Vaughn, USCG |
| Assistant Trial Counsel: | LT J. Trent Warner, USCGR |
| Defense Counsel: | LT Kevin W. Messer, JAGC, USN |
| Assistant Defense Counsel: | LT Daniel S. Andersen, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL NINE
### BAUM, MCCLELLAND, & TEAL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  one specification of violating a lawful general order by wrongfully using a Coast Guard VHF radio to communicate a false distress message, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of making a false official statement with the intent to deceive that he was on a vessel and was in distress, which was known by Appellant to be false, in violation of Article 107, UCMJ; and one specification of violating 14 U.S.C. § 88(c) by wrongfully, knowingly, and willfully causing the Coast Guard to attempt to save lives and property when no help was needed, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and

reduction to E-1. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the sentence.

Before this Court, Appellant has assigned three errors:

I. THAT THE OMISSION OF EXHIBITS FROM THE ARTICLE 32, UCMJ, INVESTIGATING OFFICER'S REPORT RENDERS THE RECORD OF TRIAL INCOMPLETE;

II. THAT CHARGE I CONSTITUTED AN UNREASONABLE MULTIPLICATION OF CHARGES WITH CHARGES II AND III; AND

III. THAT, AS ASSERTED IN APPELLANT'S BEHALF PURSUANT TO *UNITED STATES V. GROSTEFON*, 12 M.J. 431 (C.M.A. 1982), THE SENTENCE TO CONFINEMENT, REDUCTION TO E-1, AND DISCHARGE FROM THE SERVICE WITH A BAD-CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE PUNISHMENT.

The exhibits asserted as missing in Assignment I are part of the Article 32, UCMJ, investigation report, which is not required for a special court-martial record. Nevertheless, consistent with the facts in *United States v. Quevedo*, No. 1224 (C.G.Ct.Crim.App. Jan. 10, 2006), it was attached to this court-martial record although, as in *Quevedo,* without certain exhibits. Just as we found in *Quevedo*, these missing exhibits are not substantial omissions from this special court-martial record. Consequently, the record of trial is not incomplete, and that assignment is rejected. Assignments II and III are summarily rejected as without merit. With respect to Assignment III, we are convinced, after careful consideration, that the sentence for this Appellant and these offenses is not inappropriately severe punishment.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Jane R. Lim
Clerk of the Court